UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIREH BOZORGI and FARRAH PIRAHANCHI,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NASSROLLAH SANAVI,<br><br>　　　　　　　　　　　Defendant. | Case No.:  21-cv-2036-GPC<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On December 3, 2021, Plaintiffs Monireh Bozorgi and Farrah Pirahanchi ("Plaintiffs") filed a Complaint seeking quiet title and injunctive relief against Defendant Nassrillah Sanavi ("Defendant"). ECF No. 1. For the reasons below, the Court *sua sponte* **DISMISSES** without prejudice Plaintiffs' Complaint for lack of subject matter jurisdiction.

## BACKGROUND

This dispute arises out of the property located at 521 Jobe Hill Drive, Vista, California 92081 ("Subject Property"). *Id.* at 1. Plaintiffs allege that in June 2016, Defendant exchanged the Subject Property for Plaintiffs' property in Tehran, Iran. *Id.* at 4. Plaintiffs allege that the exchanged properties were intended to be full payment for one

1

another and that there was an officialized bill of sale and signed warranty deed. *Id.* at 4, 7. Plaintiffs now seek transfer of the Subject Property's title. *Id.* at 5. Plaintiffs state that Defendant "has signed and fingerprinted the warranty deed and bill of sale . . . but is no where to be found to transfer Title [of the Subject Property] to the Plaintiffs." *Id.*

On March 10, 2022, Plaintiffs filed a Motion for Service by Publication. ECF No. 4. The Court denied this Motion without prejudice stating that Plaintiffs had not shown "'exhaustive attempts to locate the defendant.'" ECF No. 6 at 8 (quoting *Castillo-Antonio v. Azurdia*, No. C-13-05709 DMR, 2014 WL 4060219, at *4 (N.D. Cal. Aug. 14, 2014)). On June 27, 2022, Plaintiffs filed a renewed Motion for Service by Publication, on which the Court has yet to rule. ECF No. 9.

## DISCUSSION

Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts have "only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A federal court is required to raise issues of subject matter jurisdiction and may do so *sua sponte*. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland Inc.*, 316 F.3d 822, 826 (9th Cir. 2002)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Although Plaintiffs' Complaint does not explicitly state the grounds for subject matter jurisdiction, it appears Plaintiffs intend to assert diversity jurisdiction in the body of their Complaint. *See* ECF No. 1 at 3 ("The Court has jurisdiction over this matter because the amount in question exceeds the jurisdictional minimum for this Court. All known parties have dual citizenships of both countries and are residents of state of

California."). However, the Civil Cover Sheet selects "federal question" as the basis for subject matter jurisdiction. *See* ECF No. 1-1. The Court examines both.

## I. Federal Question Jurisdiction

28 U.S.C. § 1331 authorizes "federal question" jurisdiction and states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction only exists when a federal question is presented on the face of the Plaintiff's "well-pleaded complaint." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Plaintiffs' Complaint does not present a federal question. Their action is for "quiet title, specific performance, and replevin to the subject property." ECF No. 1 at 1. The Complaint's caption states "Cal. Civ. Code 760.020" as the relevant law. *Id.* The Complaint's caption also states that the action is an "unlimited civil complaint—amount demanded exceeds $25,000." *Id.* The question of whether a civil case is limited or unlimited is only relevant to actions in California state court. *See* Cal. Civ. Proc. Code §32.5 (West) (stating "jurisdictional classification" of a case means its classification as limited or unlimited). Nothing in Plaintiffs' Complaint indicates that any cause of action arises under federal law; their action appears to be a relatively straightforward state law claim for quiet title. Thus, the Court finds federal question jurisdiction does not exist.

## II. Diversity Jurisdiction

Federal courts have subject matter jurisdiction over cases involving citizens of different states. U.S. CONST. art. 3, § 2. 28 U.S.C. § 1332(a) states that diversity jurisdiction exists when (1) the amount in controversy exceeds $75,000, and (2) the action is between citizens of different states or citizens of a state and citizens or subjects of a foreign state.

Here, the amount-in-controversy is met. Plaintiffs' state the value of the Subject Property is estimated to be $825,000. ECF No. 1 at 9. However, the Court finds diversity

of citizenship does not exist between the Parties. Numerous times throughout Plaintiffs' Complaint, Plaintiffs state that "[a]ll known parties have dual citizenship of [the United States and Iran] and are residents of state of California." *See e.g.*, ECF No. 1 at 3, 5. When Parties have dual citizenship between the United States and another country, only the United States citizenship is considered. *See Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1187 (7th Cir. 1980) (stating "only the American nationality of the dual citizen should be recognized" under § 1332(a)(2))); *see also Marcus v. Alexandria Real Est. Equities, Inc.*, 2022 WL 2815904, at *3 (C.D. Cal. May 3, 2022) ("And if a party is a dual citizen, the Ninth Circuit requires that a court consider only the American citizenship for purposes of determining diversity jurisdiction."). The Civil Cover Sheet indicates that Plaintiffs and Defendant are California citizens. ECF No. 1-1. Plaintiffs state they have "been working with[in] the state of California for almost 40 years." ECF No. 1 at 5. Although Plaintiffs currently are unable to locate Defendant, they believe he resides in California and "Exhibit B" in Plaintiffs' renewed Motion for Service by Publication lists possible California addresses for Defendant all the way back to 1969. ECF No. 9-1 at 4-5. Thus, as alleged in the Complaint, Plaintiffs and Defendant are citizens of the United States and residents of California. As such, diversity of citizenship does not exist, and the Court lacks diversity jurisdiction over this action.

Given that Plaintiffs allege a state law cause of action and there is a lack of subject matter jurisdiction, Plaintiffs are free to file their Complaint in California state court.

## CONCLUSION

Because the Court lacks subject matter jurisdiction over this action, Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

1 | Dated: January 11, 2023

Hon. Gonzalo P. Curiel
United States District Judge